**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **BEVERAGE DISPENSING SOLUTIONS, LLC,**<br>　　　　　　Plaintiff,<br>v.<br>**HYDRATION LABS, INC., d/b/a BEVI,**<br>　　　　　　Defendant. | Case No.<br><br>PATENT CASE<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Beverage Dispensing Solutions, LLC ("BDS" or "Plaintiff") files this Complaint against Hydration Labs, Inc., d/b/a Bevi ("Bevi" or "Defendant") for infringement of U.S. Patent No. 8,103,378 ("the '378 patent"), U.S. Patent No. 8,290,615 ("the '615 patent"), U.S. Patent No. 8,548,624 ("the '624 patent"), U.S. Patent No. 9,090,446 ("the '446 patent") U.S. Patent No. 9,090,447 ("the '447 patent"), and U.S. Patent No. 9,090,449 ("the '449 patent") (collectively "the patents-in-suit" or "asserted patents").

## THE PARTIES

1.　　Plaintiff is an Illinois limited liability company with its principal place of business located at 836 Diamond Street, Laguna Beach, CA 92651.

2.　　Upon information and belief, Bevi is a Delaware corporation with its principal place of business located at 529 Main Street, Suite 3304, Boston, MA 02129.

## JURISDICTION AND VENUE

3.　　Plaintiff brings this action for patent infringement under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284-285, among others. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1367.

1

4. Defendant is subject to this Court's specific and general personal jurisdiction pursuant to due process, due at least to its substantial business in this State and judicial district, including: committing acts of infringement in this judicial district as described herein; and regularly conducting or soliciting business, engaging in other persistent conduct, and/or deriving substantial revenue from goods and products sold and services provided to New York residents.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1400(b). Defendant has committed acts of infringement in this judicial district and has a regular and established place of business in this district. Specifically, Defendant has an office located at 303 Spring Street, New York, New York 10013. *See* https://www.bevi.co/contact/.

## THE PATENTS-IN-SUIT

6. The inventions claimed in the patents-in-suit all relate to improved beverage dispensers.

7. The patents-in-suit all claim priority to Application No. 09/589,725, which was filed on June 8, 2000 and issued as U.S. Patent No. 6,751,525.

8. Harry Lee Crisp, III is a named inventor on all of the patents-in-suit.

9. Harry Lee Crips, III is a named inventor on over forty patents related to improved beverage dispensers and other dispensing mechanisms.

10. The technologies claimed in the patents-in-suit consist of ordered combinations of features and functions that were not, alone or in combinations, considered well-understood by, and routine, generic, and conventional to, skilled artisans in the industry at the time of invention (*i.e.,* at least as early as June 2000).

11. Each asserted claim in each patent-in-suit is presumed valid.

12. Each asserted claim in each patent-in-suit is directed to patent eligible subject matter under 35 U.S.C. § 101.

13. The specification of each patent-in-suit discloses shortcomings in the prior art and then explains, in detail, the technical way the inventions claimed in the patent-in-suit resolve or overcome those shortcomings.  *See, e.g.,* Exhibit 1, '378 patent, 1:41-6:15; Exhibit 3, '615 patent, 1:38-7:48.

14. The '378, '624, '447, and '449 patents each have over thirty forward citations, which is indicative of the value and importance of the inventions claimed in these patents.

15. The '615 and '446 patents each have over sixty forward citations, which is indicative of the value and importance of the inventions claimed in these patents.

16. Bevi's founders first began prototyping the initial Bevi machine in 2013, thirteen years after the claimed priority date of the patents-in-suit.  *See* https://www.bevi.co/about-us/; *see also* Exhibit 13, Bevi Press Kit.

17. Bevi's own patent application, filed May 4, 2018, highlights that the inventions claimed in the asserted claims in the patents-in-suit consist of ordered combinations of features and functions that were not, alone or in combinations, considered well-understood by, and routine, generic, and conventional to, skilled artisans in the industry at the time of invention (*i.e.,* at least as early as June 2000).  *See* Exhibit 14, U.S. Publication No. 2018/0251361.

### COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 8,103,378)

18. Plaintiff incorporates paragraphs 1 through 17 herein by reference.

19. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

20. Plaintiff is the exclusive licensee of the '378 patent, entitled "Appliance Having a User Interface Panel and a Beverage Dispenser" with all substantial rights to the '378 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement. A copy of the '378 patent is attached as Exhibit 1.

21. The '378 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

22. Defendant has, and continues to, directly infringe one or more claims of the '378 patent in this judicial district and elsewhere in New York and the United States.

23. In particular, Defendant has, and continues to, infringe at least claims 1, 3, 4, 6, 10, 11, 12, 14, 16, 27, 48, 50, 58, 59, 60 and 61 of the '378 patent by, among other things, making, using, offering for sale, selling and/or importing infringing devices including, but not limited to, Hydration Labs, Inc.'s Standup Bevi products.

24. Defendant is liable for these infringements of the '378 patent pursuant to 35 U.S.C. § 271.

25. Attached hereto as Exhibit 2, and incorporated herein by reference, is a claim chart detailing how the Standup Bevi products infringe the '378 patent.

## INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

26. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '378 patent by inducing direct infringement by users of the Standup Bevi products.

27. Defendant has had knowledge of the '378 patent since at least receipt of Plaintiff's February 4, 2019, letter putting Defendant on notice of its infringement. In addition, on March 11, 2019, Plaintiff sent Defendant claim charts detailing Defendant's infringement of the patents-in-suit, including the '378 patent.

28. On information and belief, despite having knowledge of the '378 patent, Defendant has specifically intended for persons who acquire and use the Standup Bevi products, including Defendant's customers and end consumers, to acquire and/or use such devices in a way that infringes the '378 patent, including at least claims 1, 3, 4, 6, 10, 11, 12, 14, 16, 27, 48, 50, 58, 59, 60 and 61, and Defendant knew or should have known that its actions were inducing infringement.

29. Defendant instructs and encourages users to use the Standup Bevi products in a manner that infringes the '378 patent. For example, *see e.g.,* Defendant's website encourages end users to use the Standup Bevi products. *See e.g.,* https://www.bevi.co/; https://www.bevi.co/resources/. In addition, Defendant's website not only encourages end users to use the Standup Bevi products and provides instructions on how to use the Standup Bevi products, but also provides details on how to contact Defendant to receive further instructions and support to use the Standup Bevi products. *See* https://www.bevi.co/support/. Defendant also encourages end users to infringe the '378 patent via their use of the Standup Bevi products by making and releasing marketing videos encouraging users to use the Standup Bevi products. *See e.g.,* Exhibit 2, '378 Claim Chart and videos cited therein.

30. Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '378

patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

31. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT II
## (INFRINGEMENT OF U.S. PATENT NO. 8,290,615)

32. Plaintiff incorporates paragraphs 1 through 31 herein by reference.

33. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

34. Plaintiff is the exclusive licensee of the '615 patent, entitled "Appliance with dispenser" with all substantial rights to the '615 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement. A copy of the '615 patent is attached as Exhibit 3.

35. The '615 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

36. Defendant has, and continues to, directly infringe one or more claims of the '615 patent in this judicial district and elsewhere in New York and the United States.

37. In particular, Defendant has, and continues to, infringe at least claims 1, 9, 16, 20, 28, and 35 of the '615 patent by, among other things, making, using, offering for sale, selling and/or importing infringing devices including, but not limited to, Hydration Labs, Inc.'s Standup Bevi products.

38.     Defendant is liable for these infringements of the '615 patent pursuant to 35 U.S.C. § 271.

39.     Attached hereto as Exhibit 4, and incorporated herein by reference, is a claim chart detailing how the Standup Bevi products infringe the '615 patent.

### INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

40.     Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '615 patent by inducing direct infringement by users of the Standup Bevi products.

41.     Defendant has had knowledge of the '615 patent since at least receipt of Plaintiff's February 4, 2019, letter putting Defendant on notice of its infringement. In addition, on March 11, 2019, Plaintiff sent Defendant claim charts detailing Defendant's infringement of the patents-in-suit, including the '615 patent.

42.     On information and belief, despite having knowledge of the '615 patent, Defendant has specifically intended for persons who acquire and use the Standup Bevi products, including Defendant's customers and end consumers, to acquire and/or use such devices in a way that infringes the '615 patent, including at least claims 1, 9, 16, 20, 28, and 35 and Defendant knew or should have known that its actions were inducing infringement.

43.     Defendant instructs and encourages users to use the Standup Bevi products in a manner that infringes the '615 patent. For example, *see e.g.,* Defendant's website encourages end users to use the Standup Bevi products. *See e.g.,* https://www.bevi.co/; https://www.bevi.co/resources/. In addition, Defendant's website not only encourages end users to use the Standup Bevi products and provides instructions on how to use the Standup Bevi

7

products, but also provides details on how to contact Defendant to receive further instructions and support to use the Standup Bevi products.  *See* https://www.bevi.co/support/.  Defendant also encourages end users to infringe the '615 patent via their use of the Standup Bevi products by making and releasing marketing videos encouraging users to use the Standup Bevi products.  *See e.g.,* Exhibit 4, '615 Claim Chart and videos cited therein.

44. Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '615 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

45. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT III**
**(INFRINGEMENT OF U.S. PATENT NO. 8,548,624)**

46. Plaintiff incorporates paragraphs 1 through 45 herein by reference.

47. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

48. Plaintiff is the exclusive licensee of the '624 patent, entitled "Appliance Having a User Interface Panel and Beverage Dispenser" with all substantial rights to the '624 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.  A copy of the '624 patent is attached as Exhibit 5.

49. The '624 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

## DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

50. Defendant has, and continues to, directly infringe one or more claims of the '624 patent in this judicial district and elsewhere in New York and the United States.

51. In particular, Defendant has, and continues to, infringe at least claims 1, 2, 4, and 9 of the '624 patent by, among other things, making, using, offering for sale, selling and/or importing infringing devices including, but not limited to, Hydration Labs, Inc.'s Standup Bevi products.

52. Defendant is liable for these infringements of the '624 patent pursuant to 35 U.S.C. § 271.

53. Attached hereto as Exhibit 6, and incorporated herein by reference, is a claim chart detailing how the Standup Bevi products infringe the '624 patent.

## INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))

54. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '624 patent by inducing direct infringement by users of the Standup Bevi products.

55. Defendant has had knowledge of the '624 patent since at least receipt of Plaintiff's February 4, 2019, letter putting Defendant on notice of its infringement. In addition, on March 11, 2019, Plaintiff sent Defendant claim charts detailing Defendant's infringement of the patents-in-suit, including the '624 patent.

56. On information and belief, despite having knowledge of the '624 patent, Defendant has specifically intended for persons who acquire and use the Standup Bevi products, including Defendant's customers and end consumers, to acquire and/or use such devices in a way

that infringes the '624 patent, including at least claims 1, 2, 4, and 9 and Defendant knew or should have known that its actions were inducing infringement.

57.     Defendant instructs and encourages users to use the Standup Bevi products in a manner that infringes the '624 patent. For example, *see e.g.,* Defendant's website encourages end users to use the Standup Bevi products.  *See e.g.,* https://www.bevi.co/; https://www.bevi.co/resources/.  In addition, Defendant's website not only encourages end users to use the Standup Bevi products and provides instructions on how to use the Standup Bevi products, but also provides details on how to contact Defendant to receive further instructions and support to use the Standup Bevi products.   *See* https://www.bevi.co/support/.  Defendant also encourages end users to infringe the '624 patent via their use of the Standup Bevi products by making and releasing marketing videos encouraging users to use the Standup Bevi products. *See e.g.,* Exhibit 6, '624 Claim Chart and videos cited therein.

58.     Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '624 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

59.     Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

**COUNT IV
(INFRINGEMENT OF U.S. PATENT NO. 9,090,446)**

60.     Plaintiff incorporates paragraphs 1 through 59 herein by reference.

61. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

62. Plaintiff is the exclusive licensee of the '446 patent, entitled "Appliance with dispenser" with all substantial rights to the '446 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.  A copy of the '446 patent is attached as Exhibit 7.

63. The '446 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

### **DIRECT INFRINGEMENT (35 U.S.C. § 271(a))**

64. Defendant has, and continues to, directly infringe one or more claims of the '446 patent in this judicial district and elsewhere in New York and the United States.

65. In particular, Defendant has, and continues to, infringe at least claims 1, 3, 4, 6, 7, 9, 10, 12, 13, 15, 16, 18, 19, 21, and 22 of the '446 patent by, among other things, making, using, offering for sale, selling and/or importing infringing devices including, but not limited to, Hydration Lab, Inc.'s Standup Bevi and Countertop Bevi ("the Accused Products").

66. Defendant is liable for these infringements of the '446 patent pursuant to 35 U.S.C. § 271.

67.  Attached hereto as Exhibit 8, and incorporated herein by reference, is a claim chart detailing how the Accused Products infringe the '446 patent.

### **INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))**

68. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to,

11

indirectly infringe one or more claims of the '446 patent by inducing direct infringement by users of the Accused Products.

69. Defendant has had knowledge of the '446 patent since at least receipt of Plaintiff's February 4, 2019, letter putting Defendant on notice of its infringement. In addition, on March 11, 2019, Plaintiff sent Defendant claim charts detailing Defendant's infringement of the patents-in-suit, including the '446 patent.

70. On information and belief, despite having knowledge of the '446 patent, Defendant has specifically intended for persons who acquire and use the Accused Products, including Defendant's customers and end consumers, to acquire and/or use such devices in a way that infringes the '446 patent, including at least claims 1, 3, 4, 6, 7, 9, 10, 12, 13, 15, 16, 18, 19, 21, and 22, and Defendant knew or should have known that its actions were inducing infringement.

71. Defendant instructs and encourages users to use the Accused Products in a manner that infringes the '446 patent. For example, *see e.g.,* Defendant's website encourages end users to use the Accused Products. *See e.g.,* https://www.bevi.co/; https://www.bevi.co/resources/. In addition, Defendant's website not only encourages end users to use the Accused Products and provides instructions on how to use the Accused Products, but also provides details on how to contact Defendant to receive further instructions and support to use the Accused Products. *See* https://www.bevi.co/support/. Defendant also encourages end users to infringe the '446 patent via their use of the Accused Products by making and releasing marketing videos encouraging users to use the Accused Products. *See e.g.,* Exhibit 8, '446 Claim Chart and videos cited therein.

72.     Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '446 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

73.     Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT V
## (INFRINGEMENT OF U.S. PATENT NO. 9,090,447)

74.     Plaintiff incorporates paragraphs 1 through 73 herein by reference.

75.     This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

76.     Plaintiff is the exclusive licensee of the '447 patent, entitled "Appliance having a user interface panel and a beverage dispenser" with all substantial rights to the '447 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.  A copy of the '447 patent is attached as Exhibit 9.

77.     The '447 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

### DIRECT INFRINGEMENT (35 U.S.C. § 271(a))

78.     Defendant has, and continues to, directly infringe one or more claims of the '447 patent in this judicial district and elsewhere in New York and the United States.

79.     In particular, Defendant has, and continues to, infringe at least claims 1, 2, and 9 of the '447 patent by, among other things, making, using, offering for sale, selling and/or

13

importing infringing devices including, but not limited to, Hydration Labs, Inc.'s Standup Bevi and Countertop Bevi ("the Accused Products").

80. Defendant is liable for these infringements of the '447 patent pursuant to 35 U.S.C. § 271.

81. Attached hereto as Exhibit 10, and incorporated herein by reference, is a claim chart detailing how the Accused Products infringe the '447 patent.

### **INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))**

82. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '447 patent by inducing direct infringement by users of the Accused Products.

83. Defendant has had knowledge of the '447 patent since at least receipt of Plaintiff's February 4, 2019, letter putting Defendant on notice of its infringement. In addition, on March 11, 2019, Plaintiff sent Defendant claim charts detailing Defendant's infringement of the patents-in-suit, including the '447 patent.

84. On information and belief, despite having knowledge of the '447 patent, Defendant has specifically intended for persons who acquire and use the Accused Products, including Defendant's customers and end consumers, to acquire and/or use such devices in a way that infringes the '447 patent, including at least claims 1, 2, and 9, and Defendant knew or should have known that its actions were inducing infringement.

85. Defendant instructs and encourages users to use the Accused Products in a manner that infringes the '447 patent. For example, *see e.g.,* Defendant's website encourages end users to use the Accused Products. *See e.g.,* https://www.bevi.co/;

https://www.bevi.co/resources/.  In addition, Defendant's website not only encourages end users to use the Accused Products and provides instructions on how to use the Accused Products, but also provides details on how to contact Defendant to receive further instructions and support to use the Accused Products.  *See* https://www.bevi.co/support/.  Defendant also encourages end users to infringe the '447 patent via their use of the Accused Products by making and releasing marketing videos encouraging users to use the Accused Products.  *See e.g.,* Exhibit 10, '447 Claim Chart and videos cited therein.

86. Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '447 patent.  In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

87. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count.  Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VI
## (INFRINGEMENT OF U.S. PATENT NO. 9,090,449)

88. Plaintiff incorporates paragraphs 1 through 87 herein by reference.

89. This cause of action arises under the patent laws of the United States, and in particular, 35 U.S.C. §§ 271, *et seq.*

90. Plaintiff is the exclusive licensee of the '449 patent, entitled "Appliance having a user interface panel and a beverage dispenser," with all substantial rights to the '449 patent including the exclusive right to enforce, sue, and recover damages for past and future infringement.  A copy of the '449 patent is attached as Exhibit 11.

91. The '449 patent is valid, enforceable and was duly issued in fully compliance with Title 35 of the United States Code.

**DIRECT INFRINGEMENT (35 U.S.C. § 271(a))**

92. Defendant has, and continues to, directly infringe one or more claims of the '449 patent in this judicial district and elsewhere in New York and the United States.

93. In particular, Defendant has, and continues to, infringe at least claims 1, 3, 7, 15, 16, and 28 of the '449 patent by, among other things, making, using, offering for sale, selling and/or importing infringing devices including, but not limited to, Hydration Labs, Inc.'s Standup Bevi and Countertop Bevi ("the Accused Products").

94. Defendant is liable for these infringements of the '449 patent pursuant to 35 U.S.C. § 271.

95. Attached hereto as Exhibit 12, and incorporated herein by reference, is a claim chart detailing how the Accused Products infringe the '449 patent.

**INDIRECT INFRINGEMENT (INDUCEMENT – 35 U.S.C. § 271(b))**

96. Based on the information presently available to Plaintiff, absent discovery, and in the alternative to direct infringement, Plaintiff contends that Defendant has, and continues to, indirectly infringe one or more claims of the '449 patent by inducing direct infringement by users of the Accused Products.

97. Defendant has had knowledge of the '449 patent since at least receipt of Plaintiff's February 4, 2019, letter putting Defendant on notice of its infringement. In addition, on March 11, 2019, Plaintiff sent Defendant claim charts detailing Defendant's infringement of the patents-in-suit, including the '449 patent.

98. On information and belief, despite having knowledge of the '449 patent, Defendant has specifically intended for persons who acquire and use the Accused Products, including Defendant's customers and end consumers, to acquire and/or use such devices in a way that infringes the '449 patent, including at least claims 1, 3, 7, 15, 16, and 28, and Defendant knew or should have known that its actions were inducing infringement.

99. Defendant instructs and encourages users to use the Accused Products in a manner that infringes the '449 patent. For example, *see e.g.,* Defendant's website encourages end users to use the Accused Products. *See e.g.,* https://www.bevi.co/; https://www.bevi.co/resources/. In addition, Defendant's website not only encourages end users to use the Accused Products and provides instructions on how to use the Accused Products, but also provides details on how to contact Defendant to receive further instructions and support to use the Accused Products. *See* https://www.bevi.co/support/. Defendant also encourages end users to infringe the '449 patent via their use of the Accused Products by making and releasing marketing videos encouraging users to use the Accused Products. *See e.g.,* Exhibit 12, '449 Claim Chart and videos cited therein.

100. Furthermore, Defendant has not provided any information or indication that it has implemented a design around or otherwise taken any remedial action with respect to the '449 patent. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

101. Plaintiff has been damaged as a result of Defendant's infringing conduct described in this Count. Defendant is, thus, liable to Plaintiff in an amount that adequately compensates Plaintiff for Defendant's infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## COUNT VII
## (WILLFUL INFRINGEMENT)

102. Plaintiff incorporates paragraphs 1 through 101 herein by reference.

103. Defendant has had knowledge of the patents-in-suit since at least receipt of Plaintiff's February 4, 2019, letter putting Defendant on notice of its infringement.

104. On March 11, 2019, Plaintiff sent Defendant claim charts detailing Defendant's infringement of the patents-in-suit.

105. To date, despite corresponding with Plaintiff on numerous occasions, Defendant has failed to identify a credible non-infringement or invalidity position or any other position or argument that any of the patents-in-suit are not infringed, invalid, or unenforceable.

106. Despite being aware of the patents-in-suit, and its infringement of the patents-in-suit, on information and belief Defendant has not changed or otherwise altered the Accused Products in an effort to avoid infringing the patents-in-suit.

107. Rather, despite having knowledge of the patents-in-suit, Defendant has and continues to infringe the patents-in-suit in complete disregard to Plaintiff's patent rights.

108. Defendant's actions in this regard are reckless and/or egregious.

109. Defendant continues to willfully, wantonly, and deliberately engage in acts of infringement of the patents-in-suit, justifying a finding of willful infringement and an award to Plaintiff of increased damages under 35 U.S.C. § 284, and attorneys' fees and costs incurred under 35 U.S.C. § 285

## JURY DEMAND

Plaintiff requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## **PRAYER FOR RELIEF**

Plaintiff asks that the Court find in its favor and against Defendant and that the Court grant Plaintiff the following relief:

a. Judgment that one or more claims of the '378 patent, the '446 patent, the '447 patent, the '449 patent, the '615 patent and/or the '624 patent have been infringed, either literally and/or under the doctrine of equivalents by Defendant;

b. Judgment that one or more claims of the '378 patent, the '446 patent, the '447 patent, the '449 patent, the '615 patent and/or the '624 patent have been willfully infringed, either literally and/or under the doctrine of equivalents, by Defendant;

c. Judgment that Defendant account for and pay to Plaintiff all damages and costs incurred by Plaintiff because of Defendant's infringing activities and other conduct complained of herein, including an accounting for any sales or damages not presented at trial;

d. Judgment that Defendant account for and pay to Plaintiff a reasonable, ongoing, post judgment royalty because of Defendant's infringing activities, including continuing infringing activities, and other conduct complained of herein;

e. That Plaintiff be granted pre-judgment and post judgment interest on the damages caused by Defendant's infringing activities and other conduct complained of herein;

f. Find this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages; and

g. That Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

DATED: June 4, 2019                             BEVERAGE DISPENSING SOLUTIONS, LLC

By:     /s/ *Gregory O. Koerner*
        Gregory O. Koerner
        KOERNER & ASSOCIATES LLC
        233 Broadway, Suite 2208
        New York, New York 10279
        P. 212-461-4377
        gokoerner@gmail.com

        Timothy E. Grochocinski (*pro hac to be filed*)
        Illinois Bar No. 6295055
        Joseph P. Oldaker (*pro hac to be filed*)
        Illinois Bar No. 6295319
        NELSON BUMGARDNER ALBRITTON, P.C.
        15020 S. Ravinia Ave., Suite 29
        Orland Park, Illinois 60462
        P. 708-675-1975
        tim@nbafirm.com
        joseph@nbafirm.com

        *COUNSEL FOR PLAINTIFF*
        *BEVERAGE DISPENSING*
        *SOLUTIONS, LLC*